O

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 16 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SAUL GARCIA CUEVAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JAMES D. HARTLEY, Warden,<br><br>　　　　Respondent. | Case No. CV 10-9775-VAP (MLG)<br><br>ORDER GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY |

　　Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. For the reasons stated below, a COA will be granted in part and denied in part.

　　Before a petitioner may appeal the Court's decision denying his petition, a COA must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App.P. 22(b).

//
//

The court determines whether to issue or deny a COA pursuant to standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253(c). A COA may be issued only where there has been a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2); *Miller-El*, 537 U.S. at 330. As part of that analysis, the Court must determine whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, *See also Miller-El*, 537 U.S. at 338.

In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the court noted that this amounts to a "modest standard". (Quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)). Indeed, the standard for granting a COA has been characterized as "relatively low". *Beardlee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004). A COA should issue when the claims presented are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483-84, (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); *see also Silva*, 279 F.3d at 833. If reasonable jurists could "debate" whether the petition could be resolved in a different manner, then the COA should issue. *Miller-El*, 537 U.S. at 330.

Under this standard of review, a COA should be granted on the issues of whether Petitioner was denied the effective assistance of counsel in the course of his guilty plea and sentencing, when counsel did not object to the eight duplicate robbery charges to which Petitioner pleaded guilty and for which he was subsequently sentenced. (Grounds 1 and 6.) Although this Court denied the petition on the merits, Petitioner has made a colorable claim that jurists of reason could find debatable or wrong this Court's finding on those claims for

relief.

On the other hand, the Court finds that Petitioner cannot make a colorable claim that jurists of reason would find debatable or wrong the Court's decision finding that the guilty plea was not coerced; the plea was knowing and intelligent with respect to the kidnaping charges and likely sentence including restitution; and that appellate counsel's performance was not deficient. (Claims 2-5 and 7.)

Therefore, pursuant to 28 U.S.C. § 2253, a certificate of appealability is granted on the issues of whether counsel was ineffective by failing to address the eight duplicate robbery charges at the time of the plea and at sentencing.

Dated: March 15 2015

Virginia A. Phillips
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge

3